Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*William Mark Corporation*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM MARK CORPORATION,<br>*Plaintiff*<br><br>v.<br><br>1104520362, 100%HOME, 18773576496@163.COM, ACTION IS KNOWLEDGE, ADREAMMALL, AIRLOVE, ALLGOODFORVER, ALLOFME, AOTEMA, AWSOMESELLING, BABYILOVEYOU, BEAUTYMALLFUN, BRAMLEY, CAIYUJINGXIAODIAN, CHECHESSHOP, COLORINTHETREE, CONGCONGSHIPIN, CUTE HOME, CYNDMINI, DEVIL AKUMA, DKJHHZX, DPBAZOZ, ELE TECHNOLOGY (SHEN ZHEN) LIMITED, EX.OUTSTANDING, FASHION INSIDER STORE, FENGZHONGQIYUAN, FFGG1564, FFLTB, FJXXYOUTH0113, FORANGO, FOUR EYES, FUZHOUWENRUIMAOYIYOUXIANGONGSI, F-ZONE, GRACEFUL HOME, GREATBUYBAG, GUANGZHOU COOL888, HENGZHI209, HEREISFASHION, HUANGWQ, HUCHENGLING, HUHUDIAN, HUXIAOMEIZI, JIANGSHUAI, JINBOTOP, JMS17011, JOANXXT, JOKERANGLE, JQQ, JUCYJUDYFASHION, JUQIANJIA, KNOWYOURTASTE, LIAOYONG631, | 18-cv-6715 (PAC)<br><br>[PROPOSED] PAC<br>**PRELIMINARY<br>INJUNCTION ORDER** |

1

| |
|---|
| LILANGDA-WANG, LINLIND, LIUXINSKY, LIYANSHUAI, LOVE IN PUFF, LUOCHAO2016, LVZONGXIN LIN, MCKENSEYFASHION, MECANTHA, MEIGUIYUAN2017, MIFAMIFAFASHION, MRLAZYHOMEMUSEUM, PANDAFOCAL, QINGCHUNDABA, QIYINXIAYX, ROGERWW, RUSHED TO WORLD, SHANDECUI, SHANGHAIORNAMENTSSTORE, SHANGHAIQIYI, SHENZHENAIHUOKEJIWANGLUOYOUXIANGONGSI, SHENZHENKUNYUKEJIYOUXIANGONGSI, SHIZK, SHJINRONGKUANGSHAN, SHOPPING_ONLINE, SLOGAN, SNOWWOLFE, SOOULK, STRATTOEXIST, SUHAIQUNSTORE, TAOJIJITAO, THEMARVEL, TOMORROWSTAR, TONGNIANGANGWAN, TWO-DAY SUMMIT CHANGE, UNCLEQ, VIGA ZHANG, VIVI FASHION MULTICOLOR, VOCOTATA, WANGXIAOLU, WANLINGLINGDEDIANPU, WANSHIRUYI3131, WEWILLRISE, WOJIUSHIWOBUYIYANGDEYANHUO, WULIXY, XDASHU, XIABIN_ZHENG, XIANG12345, XIAOJUANWANG, XIEYUKAI, XINCCHEN, YANGHONGYU170, YANGYUNM, YF ECOMMERCE, YFY4, YOUBEAUTIFY, YOUTH-E and ZHOU LICONG, *Defendants* |

WHEREAS, Plaintiff William Mark Corporation ("WMC" or "Plaintiff"), having moved *ex parte* on July 26, 2018 against Defendants 1104520362, 100%home, 18773576496@163.com, Action is knowledge, ADREAMMALL, airlove, allgoodforver, allofme, aotema, awsomeselling, babyiloveyou, beautymallfun, Bramley, caiyujingxiaodian, chechesshop, colorinthetree, congcongshipin, Cute Home, CyndMini, Devil AKUMA, DKJHhzx, Dpbazoz, ELE TECHNOLOGY (SHEN ZHEN) LIMITED, ex.outstanding, Fashion Insider Store, FENGZHONGQIYUAN, FFGG1564, ffltb, fjxxyouth0113, forango, Four eyes, fuzhouwenruimaoyiyouxiangongsi, F-zone, Graceful home, greatbuybag, GuangZhou cool888, hengzhi209, hereisfashion, huangwq, huchengling, huhudian, huxiaomeizi, jiangshuai, jinboTop, jms17011, joanxxt, jokerangle, jqq, jucyjudyfashion, juqianjia, knowyourtaste, liaoyong631,

lilangda-wang, linlind, liuxinsky, LIYANSHUAI, Love in Puff, luochao2016, Lvzongxin lin, Mckenseyfashion, Mecantha, meiguiyuan2017, mifamifafashion, MrlazyhomeMuseum, pandafocal, qingchundaba, qiyinxiayx, Rogerww, Rushed To World, shandecui, shanghaiornamentsstore, shanghaiqiyi, shenzhenaihuokejiwangluoyouxiangongsi, shenzhenkunyukejiyouxiangongsi, shizk, shjinrongkuangshan, shopping_online, Slogan, Snowwolfe, Sooulk, strattoexist, suhaiqunstore, taojijitao, themarvel, Tomorrowstar, tongniangangwan, two-day summit change, uncleQ, viga zhang, ViVi Fashion Multicolor, vocotata, wangxiaolu, wanlinglingdedianpu, wanshiruyi3131, WeWillRise, wojiushiwobuyiyangdeyanhuo, wulixy, Xdashu, Xiabin_Zheng, xiang12345, xiaojuanwang, xieyukai, xincchen, yanghongyu170, yangyunm, YF ecommerce, yfy4, youbeautify, youth-E and Zhou Licong (hereinafter collectively referred to as "Defendants" or individually as "Defendant"), ContextLogic (as defined *infra*) and Financial Institutions (as defined *infra*) in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery ("Application");[1]

WHEREAS, the Court entered a temporary restraining order on July 26, 2018 (the "TRO");

WHEREAS, on August 3, 2018, pursuant to the terms of the TRO, Defendants were served with PDF copies of the TRO together with the Summons and Complaint and a link to a secure website (including Dropbox.com, NutStore.com, a large mail link created through RPost.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant was and is still able to download PDF copies of

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking the TRO;

WHEREAS, on August 8, 2018, Plaintiff appeared at the Order to Show Cause Hearing as well as Defendants ex.outstanding and youbeautify.[2]

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation and issuing this Preliminary Injunction Order (hereinafter "PI Order") is warranted under FRCP 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Feisty Pets Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Feisty Pets Marks and/or incorporating the Feisty Pets Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Feisty Pets Works;

    ii. communicating, directly or indirectly, with any person or persons: (i) from whom they purchased or obtained any Counterfeit Products; (ii) to whom they sold or offered to sell such Counterfeit Products or (iii) of whom they know, or reasonably believe, to possess, control or have access to any such Counterfeit

---

[2] The Financial Institutions, including ContextLogic, did not appear at the August 8, 2018 Order to Show Cause Hearing.

Products;

    iii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) (hereinafter collectively referred to as "Defendants' Assets") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    iv. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this PI Order; and

    v. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraph 1(a)(i) through 1(a)(vi) above.

b) Accordingly, ContextLogic, Inc. ("ContextLogic"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") (ContextLogic, PayPal, Payoneer and PingPong are collectively referred to as the "Financial Institutions") are hereby restrained and enjoined from engaging in any of the following

acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) below.

c) Accordingly, ContextLogic is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

    ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within seven (7) days of receipt of notice of this PI Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel; and

   b) within seven (7) days of receipt of notice of this PI Order, the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within fourteen (14) says after receiving notice of this PI Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath, providing:

      i. their true name and physical address;

      ii. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any platform that Defendants own and/or operate;

      iii. the complete sales records for any and all sales of Counterfeit Products, including number of units sold, the price per unit, total gross revenues received (in U.S.

dollars) and the dates thereof;

    iv. the account details for any and all of Defendants' Financial Accounts, including the account numbers and current account balances; and

    v. the steps taken by each Defendant, or other person served to comply with Section 1(a) above.

b) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this PI Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

c) Plaintiff may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants who are served with this PI Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

d) Within fourteen (14) days after receipt of service of this PI Order, all Financial Institutions who receive service of this PI Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses

and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

e) Within fourteen (14) days of receipt of service this PI Order, ContextLogic shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with ContextLogic or with another online marketplace;

    ii. The identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Feisty Pets Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Feisty Pets Marks and/or incorporating the Feisty Pets Works and/or artwork that is substantially similar to, identical to and constitute an infringement of the Feisty Pets Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

a) delivery of: (i) PDF copies of this PI Order or (ii) a link to a secure website (including Dropbox.com, NutStore.com, a large mail link created through RPost.com or via website publication through a specific page dedicated to this Lawsuit accessible

through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this PI Order to Defendants' e-mail addresses having been provided by ContextLogic.

5. As sufficient cause has been shown, service of this PI Order shall be made on and deemed effective as to ContextLogic, PayPal, Payoneer and PingPong if it is completed by the following means:

    a) delivery of (i) a PDF copy of this PI Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this PI Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic's counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

    c) delivery of: (1) a PDF copy of this PI Order, or (ii) a link to a secure website where Payoneer will be able to download a PDF copy of this PI Order via electronic mail to Payoneer's Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer, at Edward.Tulin@skadden.com; and

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong will be able to download a PDF copy of this Order via electronic mail to PingPong's Legal Department at xieqt@pingpongx.com and Mathew Ball, counsel for PingPong, at Matthew.Ball@klgates.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this PI Order and any act by them or anyone of them in violation of this PI Order may be considered and prosecuted as in contempt of this Court.

7. The $200,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

8. This PI Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this PI Order may appear and move to dissolve or modify the PI Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _8th_ day of _August_, 2018, at _5:35_ p.m.
New York, New York

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE